UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABUOH EDFORD NEUFVILLE,

Plaintiff(s),

v.

WASHINGTON STATE DEPARTMENT
OF VETERANS AFFAIRS, et al.,

Defendant(s).

CASE NO. C25-6190-KKE

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS

In this case, Plaintiff Abuoh Edford Neufville, representing himself, sues his former employer, the Washington State Department of Veterans Affairs ("WVA") and its director[1] for alleged disability discrimination and retaliation under the Rehabilitation Act of 1971. The WVA moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Because Neufville's amended complaint fails to allege sufficient facts to show he is "disabled" for purposes of the Rehabilitation Act, the Court will grant the WVA's motion in part and dismiss Neufville's disability discrimination and failure to accommodate claims. However, the Court grants leave to amend both claims. Finally, the Court finds that Neufville adequately states a retaliation claim and denies the WVA's motion with respect to that claim.

---

[1] Because WVA's director, David Pente Jr., is sued in his official capacity, the Court refers to Defendants collectively as, simply, the "WVA."

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 1

## I.    BACKGROUND[2]

According to his amended complaint, Neufville is a former military servicemember who suffers from "one or more service-connected impairments" that limit his ability to perform certain activities.  Dkt. No. 15 ¶ 17.  These include maintaining prolonged focus, retrieving information under stress, sustaining mental stamina, and performing "high-level leadership responsibilities" without accommodation.  *Id.* ¶ 18.

In July 2024, Neufville was appointed to the position of Assistant Director for Veteran Services (Counseling and Wellness) at the WVA.  *Id.* ¶ 15.  He alleges he performed this role successfully for the year he worked at the WVA.  *Id.* ¶ 16.  On July 10, 2025, Neufville submitted an Employee Reasonable Accommodation Request form to WVA, requesting certain disability-related accommodations.  *Id.* ¶ 19; *see also id.* at 10.  In particular, Neufville requested that he be permitted "[a]djusted start times or break schedules as needed during periods of insomnia or sleep-related impairment" and a "Quiet Work Environment" or "periodic remote work" options.  *Id.* at 10.  Although the form contains a field to "[i]dentify and describe the sensory, mental, or physical impairment, which is the basis" for the accommodation request, that field (along with several others) is redacted in the exhibit attached to Neufville's amended complaint.  *Id.*

Days after Neuville submitted his request, a WVA human resources employee confirmed receipt of the request, provided documents concerning the next steps in the interactive accommodation process, and requested additional documentation.  *Id.* ¶¶ 24–25. Neufville alleges he "promptly pursued supporting documentation and remained available to participate in the accommodation review process."  *Id.* ¶ 26.  However, he claims the WVA "did not complete a timely and good-faith interactive process before separating" him.  *Id.* ¶ 27.  On July 25, 2025—

---

[2] On a motion to dismiss, the Court accepts the allegations in Neufville's amended complaint as true.

about two weeks after he submitted his accommodation request—Neufville received a letter separating him from his employment with the WVA. *Id.* at 12. He alleges that, at this time, "the accommodation review process … had not been completed." *Id.* ¶ 28.

The day he was terminated, Neufville filed a complaint with the Washington State Human Rights Commission. *Id.* ¶ 10. Then, on December 31, 2025, he filed his original complaint in this lawsuit. Dkt. No. 1. In February 2026, he filed an amended complaint. Dkt. No. 15. The WVA answered both complaints (Dkt. Nos. 12, 16) and filed the pending motion to dismiss the amended complaint (Dkt. No. 17). Neither party has requested oral argument, and the motion is now fully briefed and ripe for this Court's consideration. *See* Dkt. Nos. 19, 21.

## II.   DISCUSSION

### A.   Legal Standard

In evaluating a motion to dismiss under Rule 12(b)(6), a court examines the complaint to determine whether, assuming the facts alleged are true, the plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court accepts the complaint's factual allegations as true unless the allegations "are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). Although courts hold *pro se* complaints to a "less stringent standard[] than formal pleadings drafted by lawyers," the complaint must nevertheless plead sufficient, nonconclusory facts to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010).

**B.      Disability Discrimination and Failure to Accommodate**

Neufville's first cause of action asserts disability discrimination and failure to accommodate under Section 504 of the Rehabilitation Act, which prohibits discrimination in "any program or activity receiving Federal financial assistance" based on disability.  29 U.S.C. § 794(a). Courts analyze Rehabilitation Act claims using substantially the same standards that apply under the Americans with Disabilities Act ("ADA").  *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004); *see also Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act.").  To plead a prima facie Section 504 claim, a plaintiff must allege that "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance."  *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). Section 504 encompasses employment-related discrimination claims.  *See Vasquez v. Wash. Dep't of Veterans Affs.*, No. 3:23-CV-06178-TMC, 2024 WL 4979847, at *3–5 (W.D. Wash. Dec. 4, 2024).

The WVA contends that Neufville does not sufficiently allege, among other things, that he is a person with a cognizable disability.  A "disability" under either the Rehabilitation Act or ADA means either "(A) a physical or mental impairment that substantially limits one or more major life activities …; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]"  42 U.S.C. § 12102(1)(A); *see also Coons*, 383 F.3d at 884 (explaining that Rehabilitation Act incorporates ADA's definition of "disability").

Neufville's allegations are insufficient to show he has a cognizable disability under the Rehabilitation Act.  He alleges he has "one or more" unspecified "service-connected impairments"

that limit several life activities, such as recalling memories and sustaining attention. Dkt. No. 15 ¶¶ 17–18. But beyond these conclusory assertions, he does not describe the nature of his impairments or explain how they limit the activities he identifies. *See Jones v. Del Toro*, No. 3:24-CV-00898-L-SBC, 2025 WL 509302, at *3 (S.D. Cal. Feb. 14, 2025) (finding allegation that plaintiff was "a disabled veteran" with "service-connected disabilities" and "anxiety symptoms" insufficient on its own to establish disability). While his accommodation request form—which is attached as an exhibit to his pleading—might have shed light on the nature of his disability, Neufville redacted the relevant portions. Dkt. No. 15 at 10. And he has not filed a motion asking to submit an unredacted version under seal, which he might have done had he been concerned about publicly revealing details of his impairment. *See* Local Rules W.D. Wash. LCR 5(g).

Because Neufville's allegations concerning his "one or more" impairments are unsupported by sufficient factual content to nudge his claim "across the line from conceivable to plausible[,]" the Court will grant the WVA's motion and dismiss Neufville's first cause of action. *Twombly*, 550 U.S. at 547.

However, the court will grant leave to amend. "If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Here, it is possible Neufville could amend his pleading to allege additional facts demonstrating that he suffers from a cognizable disability—i.e., a physical or mental impairment that substantially limits his major life activities.

**C.    Retaliation**

Next, Neufville asserts a retaliation claim under the Rehabilitation Act. Such claims may succeed even if the plaintiff fails to show he is disabled. *Coons*, 383 F.3d at 887. Courts analyze

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 5

Rehabilitation Act retaliation claims using the standard that applies to retaliation claims under Title VII of the Civil Rights Act of 1964. *Scott v. Mabus*, 618 F. App'x 897, 901 (9th Cir. 2015) (citing *Coons*, 383 F.3d at 887).

To avoid dismissal of this claim, Neufville must allege that (1) he engaged in a protected activity, (2) the WVA subjected him to adverse employment action, and (3) there is a causal link between the protected activity and the adverse employment action. *Manatt v. Bank of Am., NA*, 339 F.3d 792, 800 (9th Cir. 2003). Seeking reasonable accommodation in good faith for a claimed disability is "protected activity[.]" *Coons*, 383 F.3d at 887. A plaintiff can show a causal link between that activity and an adverse employment action by, among other things, demonstrating a close "proximity in time between the protected action and the allegedly retaliatory employment decision[.]" *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003).

At this stage, Neufville adequately alleges that the WVA retaliated against him over his disability accommodation request. The WVA does not dispute that his request constituted protected activity.[3] And Neufville's allegation that the WVA terminated him weeks later is sufficient, for purposes of surviving a motion to dismiss, to support a plausible inference that the termination was related to that activity. Indeed, the Ninth Circuit has held that "[d]epending on the circumstances, three to eight months is easily within a time range that can support an inference of retaliation." *Coszalter*, 320 F.3d at 977; *see also Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1062–63 (9th Cir. 2013) (holding a "four-to-five month period ... falls easily within the range that we concluded supports an inference of retaliation"). The mere weeks between Neufville's request and his termination supports an inference of retaliation sufficient to avoid dismissal at this early stage.

---

[3] Indeed, the WVA's motion does not specifically address the retaliation claim at all. *See* Dkt. No. 17.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 6

Accordingly, the Court will deny the WVA's motion to dismiss with respect to the retaliation claim.

### III.  CONCLUSION

The WVA's motion to dismiss (Dkt. No. 17) is GRANTED in part and DENIED in part. Neufville's disability discrimination and failure to accommodate claims (Count I of the Amended Complaint) are DISMISSED without prejudice and with leave to amend.  In the event Neufville elects to file a second amended complaint repleading the dismissed claims with additional factual content, he must do so no later than July 2, 2026.

Finally, the Court encourages Neufville to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se.  In addition, Neufville may contact the Federal Civil Rights Legal Clinic, which offers free, limited-scope assistance to self-represented litigants in federal civil rights cases, including, but not limited to, following court rules and procedures or preparing case documents.  Participation is voluntary and the Clinic operates independently from the Court.  To request an appointment, plaintiffs in Seattle may submit the online form at www.kcba.org/nlc or call 206.267.7070 and press "1" to leave a message.  In Tacoma, Plaintiffs may request an appointment by calling 253.368.6690.

Dated this 2nd day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 7